SHADRACH MELLOWS *versus* ARETAS HALL.

In an action for carelessly setting a fire by which trees upon the plaintiff's land were burned, if the plaintiff recover less than twenty dollars, full costs will be allowed him.

It was not the intention, in the R. S. of 1857, to change the code of 1841, relating to such cases.

TRESPASS on the case, for carelessly setting a fire which spread and burned trees upon the plaintiff's woodland. The defendant pleaded the general issue.

The amount of damages assessed for the plaintiff not exceeding twenty dollars, it was contended by the defendant that only one quarter of the amount of damages could be legally allowed as costs to the plaintiff. APPLETON, J., presiding, ruled that the plaintiff was entitled to full costs. The defendant excepted.

*D. D. Stewart*, for the plaintiff.

*Folsom*, for the defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—It is not denied by the defendant that, if this action had been commenced and prosecuted to final judgment while the Revised Statutes of 1841 were in force, by the authority of *Sutherland* v. *Jackson*, 32 Maine, 80, and of *Morrison* v. *Kittridge*, 32 Maine, 100, the plaintiff would be entitled to full costs, notwithstanding the damages recovered were less than twenty dollars.

But it is insisted that the provisions of the statutes named, in c. 116, §§ 1 and 2, were essentially changed in the revision of 1857; and that was done before the institution of this suit; hence the authorities referred to are inapplicable.

In R. S., 1841, §§ 1 and 2, justices of the peace had original and concurrent jurisdiction in all civil actions, wherein the debt or damage did not exceed the sum of twenty dol-

lars; excepting real actions, actions of trespess on real estate, actions for disturbance of the right of way, or of any other easement, and all other actions where the title to real estate, according to the pleadings or brief statement filed in the case by either party, may be in question. But, in the personal actions, mentioned in the exception contained in the preceding section, when the sum demanded does not exceed twenty dollars, a justice of the peace shall have original jurisdiction concurrently with the District Court.

In the code of 1857, c. 83, § 1, justices of the peace have original and exclusive jurisdiction of all civil suits, where the debt or damages demanded do not exceed twenty dollars, except those in which the title to real estate, according to the pleadings or brief statement filed in the case by either party, is in question.

By section 3, in the chapter referred to in the former code, and in section 2, of the chapter cited in the latter, the provisions are the same in relation to the removal of cases brought before justices of the peace, when it appears, by the pleadings or brief statements therein, that the title to real estate is in question, to a higher court, at the request of either party.

Every essential element in the statute of 1841, in question, is retained in that of 1857. "Real actions" found in the exception of the former is omitted in terms in that of the latter, but this exception, as it stood, was unnecessary in both revisions, as a real action is not, strictly speaking, an action where "debt or damages" is demanded, but possession of real estate. The language, "all other actions where the title to real estate, according to the pleadings or brief statement filed in the case, by either party, may be in question," used in the former law, embraces all the other actions previously specified, in the same section, and the specifications were unnecessary in the present law.

Sec. 2 of c. 116, R. S. of 1841, is omitted in the statute now in force, but every essential matter therein is incorporated into §§ 1 and 3 of the latter revision, excepting that

justices of the peace shall have original jurisdiction, concurrently with the District Court. This omission is supplied in R. S., 1857, c. 77, § 3, which provides, "It [Supreme Judicial Court] has the jurisdiction, civil, criminal and appellate, of the former District Court, and may exercise it as that Court was authorized to do, or as the laws prescribe."

*Exceptions overruled.*

RICE, CUTTING, MAY and DAVIS, JJ., concurred.
GOODENOW, J., non-concurred.